# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **GWENDOLYN BENNETT** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:06cv1001 LG-JMR** |
| | § | |
| **UNUM PROVIDENT CORPORATION** | § | **DEFENDANT** |

### MEMORANDUM OPINION AND ORDER GRANTING
### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [14] filed by Defendant Unum Provident Corporation. Plaintiff Gwendolyn Bennett has filed a response and Unum has replied. After due consideration of the submissions and the relevant law, the Court concludes that Unum Provident has been improperly named as defendant in this case. Therefore, Unum Provident is entitled to judgment as a matter of law.

### DISCUSSION

Bennett brought claims against Unum Provident which can be classified as breach of contract and underpayment of ERISA Plan benefits.[1] Bennett contends that Unum Provident is "in breach of her worker's compensation agreement." Compl. ¶ 8. Bennett also contends that Unum Provident "breached its contractual obligation with your Plaintiff by wrongfully deducting $184.92 from her monthly disability income." Compl. ¶ 10.

Bennett began receiving long-term disability benefit payments under her employer's ERISA Plan in 1992. She also pursued a Longshoreman and Harbor Workers Compensation claim against her employer, Ingalls Shipbuilding, Inc., which was resolved when the parties entered into a settlement agreement in late 1993.

---

[1] There is no dispute that Bennett's "monthly disability income" has been paid under the terms of a Plan governed by ERISA.

After Bennett received a lump-sum payment under the settlement agreement, the ERISA Plan Administrator reduced the amount of Bennett's long-term disability payments by approximately $185.00 per month. Payments were made at this lower level for almost ten years before Unum Provident assumed "nondiscretionary, non-fiduciary administrative services" for the Plan. Def. Ex. "J" 1, 2. Bennett's payments remained the same, but were now sent by Unum Provident.

Unum Provident argues that it is not a proper party defendant to this action for two reasons. First, as to Bennett's claim of breach of the worker's compensation settlement agreement, Unum Provident notes that it was not a party to the agreement. Rather, the agreement was between Bennett and her former employer, Ingalls Shipbuilding, Inc. This is evident from administrative records of the United States Department of Labor in Bennett's Longshoreman and Harbor Workers Compensation claim proceedings, Def. Ex. "F," and is undisputed by Bennett. Thus, Unum Provident is entitled to judgment as a matter of law to the extent that Bennett claims Unum breached the worker's compensation settlement agreement.

Second, as to Bennett's claim that Unum Provident improperly deducted $184.92 from her monthly disability benefit, Unum argues that such a claim is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and Unum is neither the Plan nor the Plan Administrator, nor is it a fiduciary under the provisions of ERISA.[2] Unum

---

[2] ERISA provides that an employee benefit plan "may sue or be sued under this subchapter as an entity," and that money judgments against a plan are enforceable only against the plan:

> (2) Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his

Provident argues that ERISA imposes no liability on it for a decision made by others.

The plan at issue in this case is the Litton Industries, Inc. Employees Long-Term Disability Plan (the "Litton Plan"), attached to the Motion as Defendant's Exhibit "C." According to the declaration of Susan Smith, Northrup Grumman Corporation's Corporate Manager of Health and Welfare Programs, Bennett's employer participated in the Litton Plan. Def. Ex. "E." Administration of the Litton Plan was delegated to Metropolitan Life Insurance Company. *Id.* Bennett received $1,205.70 from September 17, 1992 until January of 1994, when Metropolitan Life began withholding $184.93 per month from Bennett's disability benefit payments. *Id.* The withholding was pursuant to Litton Plan provisions requiring a "Monthly Benefit Reduction" for "Other Income Benefits." *Id.* Bennett had received "Other Income Benefits" in the form of a $54,000 lump sum Longshoreman and Harbor Workers Compensation claim settlement. *Id.*; Def. Ex. "F" 10, 11. It is undisputed that the decision to withhold benefits because of Bennett's receipt of other income was made by Metropolitan Life Insurance Company as Plan Administrator; Unum Provident had no involvement in the decision.

Northrup Grumman apparently took Plan Administrator duties from Metropolitan Life Insurance Company in 2003. Then, Northrup Grumman contracted with Unum Provident to provide "nondiscretionary, non-fiduciary administrative services" for Northrup Grumman's administration of the Litton Plan beginning in July 2003. Def. Ex. "J" 1, 2. Under the agreement, Unum has a duty to process claims and recommend that the claims either be paid or

---

individual capacity under this subchapter.

29 U.S.C. § 1132(d).

denied under the terms of the Litton Plan. *Id.* at 2.  Unum has no discretion to deny claims, but is required to advise Northrup Grumman when it recommends that a claim be denied. *Id*. at 3. Northrup Grumman is then obligated to review the claim information and make a decision about the claim. *Id.*  Thus, after 2003, when Unum first became associated with the Litton Plan, the decision to deny Bennett a certain amount of benefits could not have been made by Unum, but was required to have been made by Northrup Grumman.  Furthermore, Northrup Grumman had responsibility for funding benefit payments. The agreement expressly provides:

> [Northrup Grumman] retains full and exclusive discretionary power and authority in connection with the establishment, interpretation, modification and administration of the Plan, and, if the Plan is governed by ERISA, will serve as the named claims fiduciary. [Northrup Grumman] has the exclusive final responsibility and the exclusive discretionary authority for all Claims decisions, and for providing full and fair review of all appeals.
> . . .
> [Northrup Grumman] shall promptly pay and be liable for all Benefit payments and related taxes, including all amounts awarded after an appeal.  UnumProvident does not insure and is not liable for Plan benefits or any costs associated with or arising from the Plans.
> . . .
> [Northrup Grumman] is the Plan Administrator.

*Id.* at 5, 6.

The Fifth Circuit has concluded that the entity which has the ultimate authority to determine eligibility for benefits, as well as the obligation to pay additional benefits if the Court determines them to be owed, is the proper party defendant. *Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339, 350 (5th Cir. 2003); *see also Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan.").  It is clear from the undisputed evidence that Unum Provident has never fulfilled that role in regard to

-4-

Bennett's long-term disability benefits claim.  The Court therefore finds that Unum Provident is not the proper party defendant in regard to Bennett's ERISA claim, and for that reason is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [14] filed by Defendant Unum Provident Corporation is **GRANTED**.  Plaintiff's claims against the Defendant are **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 31st day of October, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE